IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSE SANTIAGO : CIVIL ACTION
:
v. : No. 10-649
:
MICHAEL C. BARONE, et al. :

MEMORANDUM

**Juan R. Sánchez, J.** December 10, 2012

Jose Santiago, acting in concert with others, drove a vehicle from which a rear passenger fired several shots toward a rival drug dealer standing on a street corner. The intended target of the drive-by shooting, Afon Singleton, was unharmed; however, an innocent bystander was fatally shot as she sat on the steps of her home, and another person was seriously injured. Following a September 1993 trial at which three eyewitnesses, including Singleton, identified Santiago as the driver of the vehicle involved in the shooting, Santiago was convicted of first degree murder and sentenced to life imprisonment plus two concurrent five-to-ten-year terms. He is currently serving a life sentence in the State Correctional Institution at Forest in Marienville, Pennsylvania.

On February 5, 2010, Santiago filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging his trial counsel was ineffective for failing to investigate and present an alibi defense, he was denied his right to appeal following the dismissal of his initial PCRA petition, and he was denied the right to present after-discovered exculpatory evidence that Singleton had recanted his trial testimony. The Government argues the petition should be dismissed because it is untimely.

On November 18, 2010, United States Magistrate Judge Arnold C. Rapoport issued a Report and Recommendation (Report) recommending Santiago's petition be dismissed as time-barred. After reviewing Magistrate Judge Rapoport's Report and Santiago's 39 pages of objections, I agree Santiago's habeas petition should be dismissed without a hearing and without issuance of a

certificate of appealability. Therefore, for the reasons discussed below, Santiago's objections to the Report will be overruled and the Report will be approved and adopted.

A federal habeas petition by a prisoner in state custody is subject to a one-year statute of limitations, which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," unless one of three alternative start dates applies. 28 U.S.C. § 2244(d)(1)(A).[1] In his Report, Magistrate Judge Rapoport found Santiago's conviction became final, and the statute of limitations began to run, on or about May 16, 1996, when the time for filing a petition for certiorari in the United States Supreme Court expired after the Pennsylvania Supreme Court denied his direct appeal on February 15, 1996.[2] The statute of limitations continued to run for 235 days until Santiago filed his first PCRA petition in state court on January 6, 1997, thereby tolling the federal limitations period with a total of 130 days remaining.

---

[1] The three alternate start dates set forth in § 2244(d)(1) are as follows:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Santiago's claims do not involve a newly recognized constitutional right, and, as set forth below, the alternative start dates in subparagraphs (B) and (D) also do not apply here.

[2] The record reflects the Pennsylvania Superior Court affirmed Santiago's conviction on October 17, 1995. Although the parties dispute whether Santiago thereafter appealed to the Pennsylvania Supreme Court, the Magistrate Judge assumed such appeal was filed and denied by the Supreme Court on February 15, 1996, as Santiago alleged. Report 2 n.2.

*See* 28 U.S.C. § 2244(d)(2) (providing for statutory tolling of the federal limitations period during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). The PCRA court dismissed Santiago's first PCRA petition by order of July 30, 1998, and the dismissal became final 30 days later, on August 29, 1998, when Santiago failed to file a timely appeal. The federal limitations period thereafter began to run again and expired 130 days later, on January 6, 1999. Although Santiago made further efforts to obtain post-conviction relief in state court, the earliest of these filings—a motion for allowance of appeal nunc pro tunc—was not submitted until August 11, 1999, by which time the federal limitations period had already expired months earlier.[3]

Because Santiago's habeas petition includes a claim based on allegedly after-discovered exculpatory evidence (i.e., Singleton's recantation of his trial testimony), the Magistrate Judge considered whether this claim is subject to a later accrual date pursuant to § 2244(d)(1)(D), which

---

[3] After Santiago filed his pro se motion for leave to appeal nunc pro tunc in August 1999, counsel was appointed for Santiago and filed an amended PCRA petition alleging Santiago's prior PCRA counsel had been ineffective for not filing an appeal from the dismissal of his first PCRA petition. This second PCRA petition was dismissed as untimely, and Santiago's appeal to the Pennsylvania Superior Court and petition for allowance of appeal to the Pennsylvania Supreme Court were denied on August 28, 2003, and May 26, 2004, respectively. Santiago thereafter filed a third PCRA petition on September 30, 2004, again seeking reinstatement of his right to appeal the dismissal of his first PCRA petition. Santiago's third PCRA petition was also dismissed as untimely. Although Santiago appealed the dismissal, the Superior Court affirmed on January 9, 2006, and the Supreme Court denied Santiago's petition for allowance of appeal on August 29, 2006. On October 15, 2007, Santiago filed a fourth PCRA petition based on newly discovered evidence: an affidavit from Singleton stating he had falsely testified at trial that he was an eyewitness to the shooting and that Santiago had threatened him earlier in the day on the date of the shooting. The affidavit stated Singleton "came to point out Jose Santiago as the person who murdered [his] aunt" not because he was an eyewitness to the event but because an individual associated with drug dealers Singleton had robbed earlier in the day had told him Santiago was the perpetrator. Pet'r's Mem. Ex. J. On April 21, 2008, the PCRA court dismissed Santiago's fourth PCRA petition as untimely, and the Superior Court affirmed the dismissal on December 15, 2008. The Supreme Court denied allocatur on September 16, 2009.

3

delays the running of the federal limitations period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," but concluded this alternative start date does not apply. Noting § 2244(d)(1)(D) provides a later accrual date "only 'if vital facts could not have been known,'" Report 11 (citations omitted), the Magistrate Judge found "the vital fact undergirding [Santiago's] claim" was the fact Singleton had lied at trial, not the fact he later recanted his trial testimony, *id.* at 12. In affirming the dismissal of Santiago's fourth PCRA petition,[4] the Superior Court found Santiago must have known about Singleton's alleged perjury at the time of his trial, but made no effort in the intervening 14 years to refute Singleton's testimony, and had therefore failed to exercise due diligence in pursuing his claim:

> Here, if appellant was not involved in the shooting, he would have been aware that Singleton and the other two Commonwealth witnesses were falsely testifying when they identified him at trial as the driver. However, appellant did not allege that he made any efforts in the nearly fourteen years following his trial to refute this testimony or to contact Singleton to see if he was willing to come forward with the present information. Nor did appellant offer any explanation as to why Singleton did not come forward until now. Thus there was no basis for the trial court to conclude that appellant proved "facts" which were "unknown" to him or that he exercised "due diligence."

*Commonwealth v. Santiago*, No. 1460 EDA 2008, Mem. 7-8 (Pa. Super. Ct. Dec. 15, 2008). Concluding these factual findings by the Superior Court are entitled to a presumption of correctness pursuant to 28 U.S.C. § 2254(e)(1), which Santiago failed to rebut,[5] the Magistrate Judge held the

---

[4] The PCRA court dismissed Santiago's fourth PCRA petition as untimely, finding Santiago had "failed to offer after-discovered evidence which was previously unknown to him and could not have been obtained by the exercise of due diligence." *Commonwealth v. Santiago*, No. CP-51-CR-0923471-1992, Mem. & Order 3 (Ct. Com. Pl. Apr. 21, 2008).

[5] Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the burden is on the petitioner to rebut this presumption "by clear and convincing evidence." This presumption of correctness "applies to the factual determinations of both state trial and appellate courts." *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001).

4

state court's findings regarding Santiago's knowledge of Singleton's perjury and failure to exercise due diligence "eliminate[] his ability to rely upon [§ 2244(d)(1)(D)]." Report at 10.

Although Santiago objects to the Magistrate Judge's application of the presumption of correctness to the Superior Court's findings regarding Santiago's knowledge of Singleton's false testimony and lack of diligence, he offers no evidence to rebut these findings apart from the assertion he "could not attempt to contact a State witness about coming forward to recant his testimony." Pet'r's Objections 25. Moreover, the Third Circuit Court of Appeals' recent decision in *Sistrunk v. Rozum*, 674 F.3d 181 (3d Cir. 2012), confirms the Magistrate Judge's sound analysis. Like Santiago, the petitioner in *Sistrunk* filed a PCRA petition years after his conviction became final based on newly discovered recantation evidence: a letter from a witness who had identified the petitioner as the perpetrator in a shooting, in which the witness admitted to perjuring himself, claiming police investigators had coerced him into giving false testimony. *Id.* at 185. The petitioner thereafter filed a federal habeas petition based on the same recantation evidence. The PCRA court dismissed the state court petition as untimely, finding the petitioner had known of the recanting witness's perjury at the time of his testimony but had not acted on this information for 12 years, and the district court likewise dismissed the federal habeas petition as untimely. *Id.* at 189-90. The Third Circuit affirmed the dismissal, holding the recantation letter did not constitute new evidence for purposes of § 2244(d)(1)(D) because the PCRA court had found the petitioner knew "the vital facts underlying . . . the [recantation] letter"—i.e., that the recanting witness had perjured himself—long before filing his federal habeas petition, and this finding by the state court was binding on the federal courts. *Id.* at 188-89.

The same is true here. As the Magistrate Judge concluded, the state court having found

Santiago would have been aware Singleton's testimony was false at the time of trial, but failed to show he made any efforts to refute this testimony in the 14 years following his trial, it is apparent Santiago knew the vital facts underlying Singleton's recantation affidavit years before filing the instant habeas petition. Thus, as in *Sistrunk*, "[b]ecause evidence that is 'previously known, but only newly available' does not constitute 'newly discovered evidence,'" *id.* at 189 (citation omitted), the Singleton affidavit is not new evidence and does not provide a basis to delay the running of the statute of limitations pursuant to § 2244(d)(1)(D).[6]

---

[6] Even if Singleton's recantation were sufficient to trigger the alternative start date of § 2244(d)(1)(D), Santiago's claim based on the recantation would still be untimely. Applying § 2244(d)(1)(D), the statute of limitations would have begun to run on Santiago's recantation claim no later than September 24, 2007, when Santiago received Singleton's affidavit, and would have expired no later than September 24, 2008, more than 16 months before the instant habeas petition was filed. Although Santiago filed a fourth PCRA petition on October 15, 2007, which remained pending until the Pennsylvania Supreme Court denied Santiago's petition for allowance of appeal on September 16, 2009, Santiago is not entitled to statutory tolling during the pendency of this petition because it was ultimately dismissed as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410, 414 (2005) (holding a state post-conviction petition rejected by the state court as untimely is not "properly filed" and thus does not statutorily toll the federal habeas statute of limitations). Nor does Santiago's suggestion he had to exhaust his state court remedies before filing in federal court, *see* Pet'r's Objections 21, constitute the kind of "extraordinary circumstance" necessary to equitably toll the statute of limitations during the pendency of his fourth PCR petition. By the time Santiago filed his fourth state court petition, the Supreme Court had specified a prisoner could avoid the "predicament" of "trying in good faith to exhaust state remedies . . . only to find out at the end that he was never 'properly filed'" by "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace*, 544 U.S. at 416 (citation omitted). The Supreme Court also observed "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.* Here, Santiago certainly had reason to believe his fourth PCRA petition was untimely when the PCRA court dismissed it on this basis on April 21, 2008, at which time the option of filing a protective federal habeas petition remained available to him. In these circumstances, the need to finish exhausting his fourth PCRA petition in state court is not an extraordinary circumstance that would warrant equitable tolling of the federal limitations period. *See Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012) (holding equitable tolling did not apply notwithstanding petitioner's argument regarding the "procedural conundrum" he faced due to the need to exhaust state law remedies before filing in federal court).

6

The Magistrate Judge also found Santiago has not established a basis for equitable tolling of the statute of limitations, as he failed to "allege circumstances which prevented him in some extraordinary way from timely pursuing his right to habeas relief for fifteen years." Report 13-14.

In his objections, Santiago argues the federal limitations period should be equitably tolled while he was pursuing reinstatement of his direct appeal rights with respect to the dismissal of his first PCRA petition through his motion for leave to appeal nunc pro tunc and his second and third PCRA petitions, i.e., from January 6, 1997, to August 29, 2006.[7] *See* Pet'r's Objections 4-19. Even if Santiago were entitled to equitable (or statutory) tolling during this entire period, however, his federal habeas petition would still be untimely because the one-year limitations period (which had only 130 days remaining by the time Santiago filed his first PCRA petition) would have expired on January 6, 2007, more than three years before the instant habeas petition was filed.[8] While Santiago does not argue equitable tolling applies during the pendency of his fourth PCRA petition, instead relying on statutory tolling and the alternative start date in § 2244(d)(1)(D), I note Santiago's failure to make any efforts to develop his claim despite his knowledge of Singleton's perjury would be fatal

---

[7] Although Santiago asserts he is entitled to equitable tolling only until January 9, 2006, the date the Superior Court affirmed the dismissal of his third PCRA petition, because Santiago filed a petition for allowance of appeal, I will assume he seeks the benefit of equitable tolling until August 29, 2006, the date the Supreme Court denied his petition.

[8] Santiago also makes a related argument that the Clerk of Court's failure to file his pro se notice of appeal from the dismissal of his first PCRA petition, which prompted his efforts to obtain reinstatement of his direct appeal rights via his second and third PCRA petitions, constitutes a state-created impediment which prevented him from filing a federal habeas petition, warranting a later start date for the federal limitations period pursuant to § 2244(d)(1)(B). Even if this conduct were sufficient to trigger a delayed start date under § 2244(d)(1)(B), however, it would not delay the start date while Santiago pursued the same argument in two sequential PCRA filings. Thus, this conduct would at most delay the running of the federal limitations period until sometime in 2004, when the dismissal of Santiago's second PCRA petition became final.

to any such argument. *See Sistrunk*, 674 F.3d at 190 (holding petitioner had not shown he pursued his rights diligently where he knew of witness's perjury but did nothing about it for 12 years).

Finally, insofar as Santiago relies on his assertion of actual innocence to support equitable tolling, he has not made the showing necessary to support equitable tolling on this basis.[9] "Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Id.* at 191 (citing *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)). As discussed above, the Singleton affidavit is not new evidence. Moreover, the affidavit is also not reliable, having been submitted after an inordinate passage of time and from an affiant who admits to having lied previously. *See id.* (finding a recantation letter unreliable where the letter came "nearly a decade too tardy from another prisoner, who is related to [petitioner] and admits to having lied once before"); *Teagle v. DiGuglielmo*, 336 F. App'x 209, 213 (3d Cir. 2009) (characterizing affidavit admitting the bulk of witness's trial testimony was perjury as "suspicious and untrustworthy evidence" that "does not, in the absence of additional corroborating evidence or circumstances, meet the standard of reliability contemplated by *Schlup*"). As the Superior Court found in affirming the dismissal of Santiago's fourth PCRA petition, the affidavit also "does not purport to exonerate [Santiago], but merely asserts that the affiant lied about witnessing the shooting and being threatened by [Santiago]," and, "in light of the testimony of the other two Commonwealth eyewitnesses who identified [Santiago] as the driver of the vehicle involved in the shooting, the information contained in the affidavit would 'not likely compel a different verdict.'" *Santiago*, No. 1460 EDA 2008, Mem. 9 n.5.

---

[9] The Third Circuit has not decided whether a petitioner's actual innocence might permit equitable tolling. *See id.* at 191 n.7.

Accordingly, Santiago is not entitled to equitable tolling based on new evidence of actual innocence.[10]

For the reasons set forth above, Santiago's objections will be overruled, the Magistrate Judge's Report and Recommendation will be approved and adopted, and Santiago's habeas petition will be dismissed as untimely. Moreover, because Santiago has failed to make a substantial showing of the denial of a constitutional right, I find no basis to issue a certificate of appealability.

An appropriate order follows.

BY THE COURT:


    /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[10] To the extent Santiago contends the alibi defense his attorney failed to present would establish his actual innocence, he presents no new evidence regarding this defense since, as Santiago acknowledges, the lone alibi witness he identifies, Doris (or Delores) Barrett (also known as Candy Donnolly), in fact testified at trial that Santiago was with her and her sister at the time of the shooting. Trial Tr. 89, Sept. 22, 1993.